# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO,** *ex rel.* | : | **CASE NO.:** |
| **MICHAEL DeWINE** | : | |
| **OHIO ATTORNEY GENERAL** | : | |
| **Environmental Enforcement Section** | : | **JUDGE:** |
| **30 E. Broad Street, 25th Floor** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN G. BREEN** | : | |
| **886 Clayton Drive** | : | |
| **Worthington, Ohio 43085-3301** | : | |
| | : | |
| **JANICE L. BREEN** | : | |
| **886 Clayton Drive** | : | |
| **Worthington, Ohio 43085-3301** | : | |
| | : | |
| **JOHN E. BREEN** | : | |
| **7761 Chetwood Close** | : | |
| **New Albany, Ohio 43054** | : | |
| | : | |
| **BTX ENTERPRISES, INC.** | : | |
| **c/o John E. Breen, Statutory Agent** | : | |
| **7761 Chetwood Close** | : | |
| **New Albany, Ohio 43054** | : | |
| | : | |
| **TRABUE DUBLIN, LLC** | : | **COMPLAINT** |
| **c/o Parasec Incorporated, Statutory Agent** | : | |
| **4568 Mayfield Road #204** | : | |
| **Cleveland, Ohio 44121** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DONALD W. DICK** | : | |
| **265 E. Beck Street** | : | |
| **Columbus, Ohio 43206** | : | |
| | : | |
| **Defendants.** | : | |

## **NATURE OF THE ACTION**

1.      This is a civil action for cost recovery injunctive relief, civil penalties, and damages brought by the State of Ohio, on relation of Ohio Attorney General Michael DeWine, at the request of the Director of the Ohio Environmental Protection Agency ("Ohio EPA").

2.      Plaintiff State of Ohio ("the State") seeks a declaratory judgment and reimbursement for its response costs from Defendants BTX Enterprises, Inc., John G. Breen, Janice L. Breen, Trabue Dublin, LLC, and Donald W. Dick incurred, and to be incurred, as a result of wastes disposed at 2121 Riverside Drive, Upper Arlington, Franklin County, Ohio ("Buckeye Terminix Site") and on neighboring properties, totaling approximately 38 acres of residential land located at Scioto Pointe Lane, Columbus, Franklin County, Ohio ("Neighboring Properties").  This relief is sought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9601 *et seq.*

3.      The State seeks injunctive relief, pursuant to Ohio Rev. Code § 6111.07(B), Ohio Rev. Code § 3734.13(C), and Ohio Rev. Code § 3734.20, enjoining Defendants for the facilities which the Defendants are responsible to perform closure of hazardous waste units at the Buckeye Terminix Site and the Neighboring Properties, and to implement further investigation and remediation of contamination that is migrating from the Buckeye Terminix Site and on the Neighboring Properties.

4.      The State seeks injunctive relief pursuant to Ohio Rev. Code Chapter 3767, for the contamination Defendants have caused and/or are responsible for at the Buckeye Terminix Site and on Neighboring Properties.

5.     The State seeks injunctive relief and damages pursuant to common law nuisance and/or common law ultra-hazardous activity for the contamination Defendants have caused and/or are responsible for at the Buckeye Terminix Site and the Neighboring Properties.

## PARTIES

### A.     Plaintiff and the Plaintiff's Relator

6.     Plaintiff is the State of Ohio, which holds all natural resources, including the air, lands, and waters located within its political boundaries in trust for the benefit of its citizens. The State is responsible for the health, safety and welfare of the citizens of Ohio.  As trustee of the natural resources located within its boundaries, the State owes a fiduciary duty to its citizens to protect and preserve its natural resources.  As trustee of these natural resources, the State has been injured by the pollution of these resources with the wastes deposited at the Buckeye Terminix Site and Neighboring Properties.

7.     Plaintiff's relator is Michael DeWine, Ohio Attorney General.  By virtue of his office, Attorney General DeWine is the chief legal officer of the State of Ohio.  Plaintiff's relator brings this action on behalf of the State of Ohio and at the request  the Director of the Environmental Protection Agency of the State of Ohio, who is charged under Ohio law with the responsibility of protecting the air, lands and waters located within the State's boundaries from pollution, degradation and contamination.

### B.     The Defendants

8.     Defendant BTX Enterprises, Inc. ("BTX Enterprises"), formerly known as Buckeye Terminix Company, Inc. until a corporate name change, was a legal entity organized under laws of the State of Ohio.

9. On February 6, 2007, the Ohio Secretary of State cancelled BTX Enterprises' Articles of Incorporation/Certificate of Authority due to the failure to pay franchise taxes.

10. BTX Enterprises was an operator of the Buckeye Terminix Site.

11. Defendant John G. Breen was an officer of BTX Enterprises and a former owner of the Buckeye Terminix Site real estate and an operator of the Site.

12. Defendant John G. Breen's address is 886 Clayton Drive, Worthington, Ohio 43085-3301.

13. Defendant Janice L. Breen was an officer of BTX Enterprises and a former owner of the Buckeye Terminix Site real estate and an operator of the Site.

14. Defendant Janice L. Breen's address is 886 Clayton Drive, Worthington, Ohio 43085-3301.

15. Defendant John E. Breen was an officer of BTX Enterprises who had the authority, since at least May 1993, to make environmental compliance decisions for BTX Enterprises.

16. Defendant John E. Breen's address is 7761 Chetwood Close, New Albany, Ohio 43054.

17. Defendant Trabue Dublin, LLC ("Trabue Dublin") is a legal entity organized under the laws of the State of Ohio.

18. Defendant Trabue Dublin is the current owner of the Neighboring Properties.

19. Defendant Donald W. Dick is the current owner of the Buckeye Terminix Site.

20. Defendant Donald W. Dick's address is 265 E. Beck Street, Columbus, Ohio 43206.

4

21.     Defendants are each a "person" as defined by 42 U.S.C. § 9601(21) and Ohio Rev. Code § 3734.01(G), Ohio Rev. Code § 6111.01(I), Ohio Rev. Code § 3767.01(B), and Ohio Rev. Code § 1.59.

## JURISDICTION

22.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 2201 (declaratory judgment).  The Court has jurisdiction over the State's claims under Ohio law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

23.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) and Local Rule 82.1(c) and (d).

## SITE ALLEGATIONS

24.     Buckeye Terminix Company, Inc. ("Buckeye Terminix") was a legal entity organized under laws of the State of Ohio.

25.     On August 29, 2002, Buckeye Terminix changed its corporate name to BTX Enterprises, Inc.

26.     Defendant nka BTX Enterprises stored and handled pesticides at the Buckeye Terminix Site during the time pesticide wastes were disposed on the Site.

27.     Defendants John G. Breen and Janice L. Breen were owners of the Buckeye Terminix Site real estate, Franklin County Parcel ID:  070-012901-00, from 1980 to until on or about February 21, 2001 during the time pesticide wastes were disposed on the Site.

28.      Defendants John G. Breen and Janice L. Breen transferred the Buckeye Terminix

5

Site real estate to the John G. Breen and Janice L. Breen trusts on or about February 21, 2001.

29.    Defendant Donald W. Dick purchased the Buckeye Terminix Site real estate on or about March 31, 2008.   Defendant Donald W. Dick is the current owner of the Buckeye Terminix Site real estate.

30.    Defendant BTX Enterprises also disposed pesticide wastes on the Neighboring Properties, Franklin County Parcel IDs:  570-237056-00 and 570-237058-00.

31.    Defendant Trabue Dublin is the current owner of the Neighboring Properties. Trabue Dublin has owned the Neighboring Properties since on or about August 6, 2010.

32    Defendants John G. Breen and Janice L. Breen were officers of BTX Enterprises and were operators of the Buckeye Terminix Site during the time pesticide wastes were disposed on the Buckeye Terminix Site and the Neighboring Properties.

33.    In addition, Defendant John G. Breen, agreed to and signed the June 26, 1992 Director's Final Findings and Orders, attached ("June 1992 Director's Orders") to investigate and remediate the contamination on the Neighboring Properties.  Pesticides including but not limited to Aldrin, Chlordane, Dieldrin, Heptachlor, and other chemicals had not only been stored, used and/or disposed of at the Buckeye Terminix Site, but these pesticides were also disposed of on the Neighboring Properties.

34.    On February 17, 1981 and May 1, 1981, Ohio EPA received complaints concerning the dumping of Chlordane by employees of BTX Enterprises.  As documented in the Ohio EPA Initial Pollution Incident Reports, on a daily basis Chlordane liquid was dumped down drains, with some liquid dumped over a hill toward the Scioto River.  Daily dumping and/or leaking of Chlordane liquid into a sink and the storm sewer and onto the gravel parking

lot also occurred.

35.     In response to these complaints, employees of Ohio EPA's Office of Emergency Response ("ER") inspected the Buckeye Terminix Site and noted areas where dumping may have occurred.  During the May 20, 1981 inspection, ER employees collected two random soil samples at the Buckeye Terminix Site.  Chemical analysis of the soil samples contained concentrations of Chlordane between 5,570 parts per million ("ppm") and 5,920 ppm.  Since the Ohio Department of Agriculture ("ODA") conducts oversight of pesticide companies, notifications of these complaints were provided to ODA.

36.     The Director of Ohio EPA sent a notice of violation letter on July 10, 1981, to Buckeye Terminix to the attention of Mr. John G. Breen, General Manager.  The letter states that the extremely high concentrations of Chlordane in the Buckeye Terminix Site soil samples constitute illegal disposal of a hazardous waste under Ohio Adm. Code 3745-51-02, 3745-51-03 and 3745-51-33 and is in violation of Ohio Rev. Code § 3734.02.  The Director requested Buckeye Terminix to commence initial corrective measures.

37.     On July 28, 1981, Ohio EPA ER employees conducted an investigation at the Buckeye Terminix Site parking lot and at the top of the embankment along the western boundary of the Site.  This investigation was conducted in response to complaints of company employees, as well as complaints received through the Occupational Safety and Health Administration, ODA, and Columbus Sewer and Drainage Department, of dumping pesticides and negligent and improper use of pesticides.

38.     Pesticides were detected during the investigation at the Buckeye Terminix Site. The maximum concentrations detected included the following:  Chlordane at 8.6 ppm in storm

7

water run-off, Aldrin at 2,152.5 ppm and Chlordane at 84,063.6 ppm in gravel samples,

Chlordane at 40,928.1 ppm in a sod sample, and Aldrin at 12,256.6 ppm and Chlordane at

9,540.7 ppm in soil samples.

39.    A December 16, 1981 letter from the Ohio EPA Director to Buckeye Terminix

outlines an agreement to install a 500-gallon catch tank in the garage area with a run-off drain

that will run along the front of the garage, pave the parking lot, maintain the vegetated area

behind the parking lot, implement a monitoring program to ensure containment of hazardous

materials, determine the rate of pesticide degradation in the vegetated areas, and monitor the

floodplain area below the Buckeye Terminix Site to ensure that pesticides are not released into

this area.

40.    On December 30, 1981, Ohio EPA employees collected soil/sediment samples

from the bottom of the drainage ditch at the bottom of the embankment in the floodplain on the

Neighboring Properties.  Chemical analysis of the soil samples showed maximum concentrations

of Aldrin at 11.1 ppm and Chlordane at 2,271 ppm.

41.    On May 4, 1982, Ohio EPA received a telephone call that a catch tank was about

to be installed on the Buckeye Terminix Site.  On May 5, 1982, a 500-gallon tank was installed

on the Buckeye Terminix Site inside the garage where loading operations occurred as part of a

drainage collection recovery system under an Ohio EPA initial corrective action agreement to

capture spillage of pesticides, Eldrin and Chlordane,.

42.    Because the contamination found in 1981 on the Neighboring Properties had not

been removed, on June 2, 1982, Ohio EPA employees investigated soil at the bottom of the

embankment on the Neighboring Properties and at the base of a slope at the edge of the

floodplain. Chemical analysis of soil samples indicated Chlordane concentrations up to 6,200 ppm, Dieldrin up to 184 ppm, and the presence of volatile organic compounds. During this investigation ten 55-gallon drums were also discovered on the Buckeye Terminix Site. Seven of the drums were empty; and three of the drums were labeled as containing 42% Aldrin and 50% Aromatic Petroleum Distillates.

43.     Ohio EPA 1989 Field Reports and telephone memoranda state that a 500 gallon concrete chemical recovery tank, which was designed to recover spillage from the  Buckeye Terminix Site garage, was excavated in 1988.   The tank was in a degraded condition and leakage from the tank may have contributed to soil and ground water contamination.

44.     On October 12, 1989, Ohio EPA employees collected seven soil samples from the parking lot and embankment on the Buckeye Terminix Site.  These soil samples contained Chlordane pesticide concentrations up to 667.3 ppm from a depth of 5 feet below grade in the area of the former chemical recovery tank, as described in paragraph 43.  These soil samples also contained Heptachlor, Aldrin, and Dieldrin pesticide contamination.

45.     In July 1991, Geraghty & Miller, Inc., working on behalf of BTX Enterprises, collected a ground water sample and soil samples from the Neighboring Properties.  The ground water sample showed concentrations of Aldrin at 2.3 parts per billion (ppb), Chlordane at 64 ppb, Dieldrin at 1.6 ppb, gamma-BHC at 0.3 ppb, and Heptachlor at 1.9 ppb.  The soil samples contained concentrations of Chlordane at 120 ppm and Dieldrin at 28 ppm.

46.     In July 1992, Geraghty & Miller, Inc., working on behalf of BTX Enterprise, began the investigation and remediation work required by the June 1992 Director's Orders and implemented an Ohio EPA approved work plan for interim actions at the Neighboring Properties.

9

47.     As required by the approved work plan, ground water samples were collected from four monitoring wells ("MWs") installed on the Neighboring Properties. Chlordane at 7 ppb and Dieldrin at 0.6 ppb were detected in MW-3, and the volatile organic compound, 1,1-Dichloroethane, was detected at 11 ppb in MW-1. Soil samples collected from the Neighboring Properties contained concentrations of Aldrin at 58 ppm, Chlordane at 910 ppm, Dieldrin at 38 ppm, Dichlorodiphenyldichloroethane ("4,4'-DDD") at 0.066 ppm, Dichlorodiphenyldichloroethylene ("4,4'-DDE") at 0.081 ppm, 1,1,1-trichloro-2,2-bis(p-chlorophenyl)ethane) ("4.4'-DDT") at 0.75 ppm, and Acetone at 0.19 ppm.

48.     By a letter dated September 23, 1992, Geraghty & Miller, Inc. submitted an interim action report, on behalf of BTX Enterprises, containing the results of the investigation of the Neighboring Properties. The report also recommended remedial actions to be performed to address the contamination on the Neighboring Properties.

49.     In the September 23, 1992 letter, Geraghty & Miller, Inc. sought comments on the interim action report as required by the June 1992 Director's Orders. Defendant John E. Breen was copied on this letter.

50.     On November 5, 1992, Ohio EPA sent a letter to Defendant John E. Breen containing comments and recommendations on the interim action report submitted by Geraghty & Miller, Inc.

51.     On November 24, 1992, Ohio EPA met with BTX Enterprises, Geraghty & Miller, Inc., Trabue Dublin, and the consultant for Trabue Dublin to discuss the interim remedial action recommendations.

52.     A revised interim action report was submitted on December 29, 1992. By a letter

dated March 24, 1993, and mailed to Defendant John E. Breen, Ohio EPA approved the revised report and directed that the remedial actions be implemented as required by the June 1992 Director's Orders.

53.     On June 12, 1995, Ohio EPA employees collected soil samples from the Neighboring Properties.  The maximum concentrations detected in soil were as follows: Aldrin at 3.9 ppm, Chlordane at 1,200 ppm, Dieldrin 27.0 ppm, Hexachlor Epoxide at 0.041 ppm, 4,4'-DDE at 0.045 ppm and 4, 4' DDT at 0.26 ppm.

54.     In a series of letters from May 6, 1993 through February 14, 2003 from Defendant John E. Breen, Ohio EPA was notified of actions taken on the Neighboring Properties in an attempt to comply with the June 1992 Director's Orders.  However, these actions did not obtain full compliance with the Orders.

55.     On December 10, 2003, Ohio EPA employees again collected soil samples from the Neighboring Properties.  The maximum concentrations detected were as follows:  Aldrin at 49.8 ppm, Chlordane at 42.6 ppm, Dieldrin at 40.7 ppm, Heptachlor at 5.62 ppm, Heptachlor Epoxide at 1.24 ppm, Endosulfan I at 0.286 ppm, 4,4'-DDE at 0.0253 ppm, Endosulfan Sulfate at 0.0211 ppm, 4,4'-DDT at 0.621 ppm, Methoxychlor at 0.43 ppm, and Endrin Ketone at 0.487 ppm.  During this sampling event, an intact 55-gallon drum containing liquid was identified on the embankment of the Neighboring Properties.  Samples of the liquid in the drum showed concentrations of Aldrin at 1.29 ppb and Chlordane at 0.66 ppb.  The drum was over-packed, removed, transported and disposed of by Chemtron Corporation under contract with BTX Enterprises.

56.     On June 18, 2008, Hull & Associates, Inc., collected soil samples from the

Neighboring Properties.  The maximum concentrations detected in soil were the following: Aldrin at 3.01 ppm, Chlordane at 818 ppm, Dieldrin at 33.7 ppm, DDT at 3.47 ppm, Edrin Ketone at 1.18 ppm, Endrin Sulfate at 1.1 ppm, Heptachlor at 8.09 ppm, and Heptachlor Epoxide at 9.67 ppm.

57.     On July 13, 2010, Ohio EPA mailed a letter to Defendant John E. Breen, former corporate officer for BTX Enterprises, that the June 1992 Director's Orders had not been complied with and notified him that contamination migrating from the Buckeye Terminix Site was causing contamination on the Neighboring Properties. The letter directed that a work plan for the investigation of contamination on the Buckeye Terminix Site be submitted to Ohio EPA for review and approval.  The requested work plan was never submitted.

58.      On January 5, 2011, Ohio EPA employees collected a ground water sample from a temporary monitoring well installed at the Buckeye Terminix Site.  Chlordane at 0.0373 ppb, Dieldrin at 0.0131 ppb, Methylene Chloride 0.438 ppb, and Bis(2-ethylhexyl)phthalate at 14.2 ppb were detected in ground water.

59.     Soil samples were also collected on January 4 and 5, 2011, from the Buckeye Terminix Site.  The maximum concentrations detected in the soil samples were as follows: Aldrin at 0.00597 ppm, Chlordane at 0.0751 ppm, Dieldrin at 0.0150 ppm and Heptachlor 0.00324 ppm.  Volatile organic compounds and semi-volatile organic compounds detected in the soil included:  Acetone at 0.755 ppm, 1,1-Dichloroethane at 0.00233 ppm, 2-Butanone at 0.0158 ppm, 1,1,1-Trichloroethane at 0.0226 ppm, Flourene at 0.121 ppm, Phenanthrene at 1.36 ppm, Anthracene at 0.345 ppm, Flouranthene at 1.81 ppm, Pyrene 1.28 ppm, Benzo(a)anthracene at 0.687 ppm, Benzo(a)pyrene at 0.531 ppm, Chrysene at 0.634 ppm, Benzo(b)fluoranthene at

0.428 ppm, Benzo(k)flouranthene at 0.470 ppm, Indeno(1,2,3-cd)pyrene at 0.289 ppm,

Benzo(g,h,i)perylene at 0.32 ppm,  and   Total Petroleum Hydrocarbons  - Diesel Range

Organics (carbon chain in the range of C10-C28) at 84.3 ppm.

60.     On August 4, 2011, Ohio EPA issued a Site Assessment Report for the Buckeye

Terminix Site.  The Site Assessment Report confirms that soil and ground water at the Buckeye

Terminix Site is contaminated with pesticide and volatile organic compound wastes.

61.     As set forth in the Site Assessment Report, concentrations of Aldrin, Chlordane,

Dieldrin, and Heptachlor in soil exceed U.S. EPA's May 2014 Regional Screening Levels for

residential soil (risk-based screening levels for the soil-direct contact pathway in a residential

setting) (0.031, 1.8, 0.033, and 0.12 ppm, respectively).  Concentrations of Aldrin, Chlordane,

Dieldrin, and Heptachlor in ground water at the Buckeye Terminix Site exceed U.S. EPA's

Regional Screening Levels for tapwater (a risk-based screening level for potable ground water

use) (0.0046, 0.22, 0.0017, and 0.002 ppb, respectively).   Concentrations of Chlordane and

Heptachlor exceed Maximum Contaminant Levels (as available for finished public drinking

water) (2 and 0.4 ppb, respectively).

## GENERAL ALLEGATIONS

63     "Hazardous substances" as defined in 42 U.S.C. § 9601(14) were disposed at the

Buckeye Terminix Site and Neighboring Properties resulting in contamination of these properties.

These hazardous substances include Chlordane.

64.     The Buckeye Terminix Site and Neighboring Properties, areas where hazardous

substances have been disposed, are facilities as "facility" is defined in 42 U.S.C. § 9601(9).

65.     Defendant John G. Breen was an "owner or operator," as defined in 42 U.S.C. §

13

9607(A)(2), of the Buckeye Terminix Site.

66.     Defendant Janice L. Breen was an "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site.

67.     Defendant BTX Enterprises was an "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site.

68.     Defendants John G. Breen, Janice L. Breen and BTX Enterprises are persons who arranged for disposal of hazardous substances, as defined in 42 U.S.C. § 9607(A)(3), at the Neighboring Properties.

69.     Ohio EPA has incurred $172,414.19 in response costs, and continues to incur costs of response, as that term is defined in 42 U.S.C. § 9601(25), in connection with the Buckeye Terminix Site and Neighboring Properties contaminated as a result of activities conducted at the Site and Neighboring Properties.

**HAZARDOUS WASTE AND WATER POLLUTION ALLEGATIONS**

70.     Chlordane was disposed, as defined in Ohio Rev. Code § 3734.01(F) and Ohio Adm. Code 3745-50-10(A)(33) and (34), at the Buckeye Terminix Site and Neighboring Properties.

71.     The Chlordane disposed at the Buckeye Terminix Site and Neighboring Properties is a "hazardous waste" as defined in Ohio Rev. Code § 3734.01(J) and Ohio Adm. Code 3745-51-02, Ohio Adm. Code 3745-51-03, and 3745-51-33.

72.     The Buckeye Terminix Site and Neighboring Properties where hazardous wastes were disposed are "facilities" or "hazardous waste facilities" as those terms are defined in Ohio Adm. Code 3745-50-10(A)(46). The hazardous waste facilities includes all contiguous land, and

structures, other appurtenances and improvements on the land, used for treating, storing, or disposing of hazardous waste.

73.　　The Buckeye Terminix Site and Neighboring Properties were never properly permitted to operate as a hazardous waste treatment, storage or disposal facilities in accordance with Ohio Rev. Code Chapter 3734 and remain unpermitted facilities to date.

74.　　The hazardous substances and or hazardous wastes at the Buckeye Terminix Site and Neighboring Properties that have discharged, leached and/or migrated into the ground water, "waters of the state" as defined in Ohio Rev. Code § 6111.01(H), are "industrial waste" and/or "other wastes" as defined in Ohio Rev. Code § 6111.01(C) and (D).

75.　　The conditions at the Buckeye Terminix Site and Neighboring Properties constitute a substantial threat to public health or safety, or are causing or contributing or threatening to cause or contribute to air or water pollution or soil contamination as provided in Ohio Rev. Code § 3734.20(B).

## INDIVIDUAL LIABILITY OF DEFENDANT JOHN E. BREEN

76.　　As stated in Paragraphs 49, 50, 52, 54, and 57, Ohio EPA corresponded directly with Defendant John E. Breen, an officer of BTX Enterprises, regarding compliance with the June 1992 Director's Orders.

77.　　Based upon this correspondence, Defendant John E. Breen was making the decisions for BTX Enterprises regarding environmental compliance.

78.　　Based upon Defendant John E. Breen's decisions, the June 1992 Director's Orders, which required actions to be taken to address the contamination on the Neighboring Properties, were not complied with.

15

79. Although the June 1992 Orders did not require actions to be taken to address the environmental conditions at the Buckeye Terminix Site, Defendant John E. Breen knew that the Buckeye Terminix Site was contaminated, and he took no actions to address this contamination.

80. Defendant John E. Breen, as an officer of BTX Enterprises beginning at least by May 1993, is liable alone or in conjunction with others, caused, participated in, controlled, and/or ordered violations of law alleged in Counts Two through Ten of this Complaint. In addition, or in the alternative, Defendant John E. Breen knew about or should have known about the violations of law alleged in this Complaint, and by himself or in conjunction with others, had the authority to prevent or stop these violations, but failed to exercise his authority to do so.

## COUNT ONE

### COST RECOVERY UNDER CERCLA

81. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides liability for costs of response against the following listed persons:

> (1)    the owner and operator of a . . . facility,
>
> (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .
>
> (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances, and
>
> (4)    any person who accepts or accepted any hazardous substances for transport to disposal or treatment

16

> facilities, . . . or sites selected by such person, from
> which there is a release or a threatened release
> which causes the incurrence of response costs, of a
> hazardous substance, shall be liable for --
>
> (A) all costs of removal or remedial action
> incurred by . . . a state . . . not inconsistent with
> the national contingency plan . . . [.]

82.     Defendant John G. Breen was an "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site facility during the time hazardous substances were disposed of at the facility.

83.     Defendant Janice L. Breen was an "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site facility during the time hazardous substances were disposed of at the facility.

84.     Defendant John G. Breen is a person who arranged for disposal of hazardous substances, as defined in 42 U.S.C. § 9607(A)(3), at the Neighboring Properties.

85.     Defendant Janice L. Breen is a person who arranged for disposal of hazardous substances, as defined in 42 U.S.C. § 9607(A)(3), at the Neighboring Properties.

86.     Defendant BTX Enterprises was an "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site facility during the time hazardous substances were disposed of at the facility and a person who arranged for disposal of hazardous substances, as defined in 42 U.S.C. § 9607(A)(3), at the Neighboring Properties.

87.     Defendant Donald W. Dick is the current "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Buckeye Terminix Site facility.

88.     Defendant Trabue Dublin is the current "owner or operator," as defined in 42 U.S.C. § 9607(A)(2), of the Neighboring Properties facility.

89.     The State has responded, as defined by 42 U.S.C. § 9601(25), to releases and/or the threat of releases at the Buckeye Terminix Site facility and Neighboring Properties facility and has incurred response costs not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan").

90.     Pursuant to 42 U.S.C. § 9607(a)(2)(A) and (a)(3)(A), Defendants John G. Breen, Janice L. Breen, and BTX Enterprises are liable for all response costs, not inconsistent with the National Contingency Plan, incurred, and to be incurred, by the State associated with the Buckeye Terminix Site facility and Neighboring Properties facility and any migration of contamination from these facilities.

91.     Pursuant to 42 U.S.C. § 9607(a)(1)(A), Defendant Donald W. Dick is liable for all response costs, not inconsistent with the National Contingency Plan, incurred, and to be incurred, by the State associated with the Buckeye Terminix Site facility and any migration of contamination from this facility.

92.     Pursuant to 42 U.S.C. § 9607(a)(1)(A), Defendant Trabue Dublin is liable for all response costs, not inconsistent with the National Contingency Plan, incurred, and to be incurred, by the State associated with the Neighboring Properties facility and any migration of contamination from this facility.

## COUNT TWO

### FAILURE TO COMPLY WITH WORK AND COST REIMEBURSEMENT REQUIREMENTS OF JUNE 1992 DIRECTOR'S ORDERS

93.     Ohio Rev. Code § 6111.07(A) provides that no person shall violate any rule or order adopted by the Director under R.C. 6111.03.

18

94.     Ohio Rev. Code § 3734.11(A) and Ohio Rev. Code § 3734.13(D) provide that no person shall violate any rule or order adopted by the Director under Ohio Rev. Code § 3734.13.

95.     The June 1992 Director's Orders, issued pursuant to the Director's authority set forth in Ohio Rev. Code § 3734.13, Ohio Rev. Code § 3734.20, Ohio Rev. Code § 3734.01, and Ohio Rev. Code § 6111.03 ordered Defendant BTX Enterprises to investigate and remediate contamination on the Neighboring Properties.

96.     As stated in paragraphs 47 through 58 of this Complaint, Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, through their consultant, took certain actions to address the contamination on the Neighboring Properties, but these Defendants did not fully investigate and remediate contamination on the Neighboring Properties, as required by the June 1992 Director's Orders.

97.     The June 1992 Director's Orders also require the reimbursement of Ohio EPA's oversight response costs, upon the June 1992 Director's Orders Termination, thirty (30) days after receipt of a final invoice received by BTX Enterprises.  Ohio EPA has incurred response costs in the amount of $172,414.19 through July 1, 2016.

98.     On July 13, 2010, Ohio EPA mailed a letter to Defendant John E. Breen notifying him that the June 1992 Director's Orders had not been complied with.

99.     The acts and omissions alleged in this Count constitute violations of the June 1992 Director's Orders and therefore violate Ohio Rev. Code § 3734.11(A), Ohio Rev. Code § 3734.13(D)  and Ohio Rev. Code § 6111.07(A), for which Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen are subject to injunctive relief pursuant to Ohio Rev. Code § 3734.10, Ohio Rev. Code § 3734.13(C), Ohio Rev. Code § 3734.20, and Ohio Rev. Code

19

§ 6111.07(B) to order these Defendants to complete the work required by the June 1992 Director's Orders and to pay Ohio EPA all oversight and response costs invoiced, which have not been paid by these Defendants, and all future invoices.

## COUNT THREE

### OPERATION OF A HAZARDOUS WASTE FACILITY WITHOUT A PERMIT

100.　Ohio Rev. Code § 3734.02(E) prohibits a person from establishing or operating a hazardous waste facility without a hazardous waste permit issued in accordance with Ohio Rev. Code § 3734.05.

101.　Ohio Rev. Code § 3734.02(F) provides that no person shall store, treat or dispose of hazardous waste, on any premises other than: (1) a hazardous waste facility operating under a hazardous waste permit issued in accordance with this chapter; (2) a facility in another state operating under a license or permit issued in accordance with the "Resource Conservation and Recovery Act of 1976"("RCRA"), 90 Stat. 2806, 42 U.S.C.A. § 6921 as amended; (3) a facility in another nation operating in accordance with the laws of that nation; (4) a facility holding a permit issued pursuant to Title I of the "Marine Protection, Research, and Sanctuaries Act of 1972," 86 Stat. 1052, 33 U.S.C.A. § 1401, as amended; or (5) a hazardous waste facility that is operating under a permit by rule under rules adopted by the Director of Environmental Protection or that is not subject to permit requirements under rules adopted by the Director.

102.　The hazardous waste facilities at the Buckeye Terminix Site and Neighboring Properties have not been issued a hazardous waste permit in accordance with Ohio Rev. Code § 3734.05 and is not one of the types of facilities authorized under Ohio Rev. Code § 3734.02(F) for the disposal of hazardous waste.

20

103.   From a date not yet known to Plaintiff, but since at least 1981 and continuing until the present, Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, have established and owned and/or operated, hazardous waste facilities at the Buckeye Terminix Site and Neighboring Properties without a hazardous waste permit issued in accordance with Ohio Rev. Code Chapter 3734.

104.   Since on or about March 31, 2008 and continuing until the present, Defendant Donald W. Dick has owned and/or operated, the hazardous waste facility at the Buckeye Terminix Site without a hazardous waste permit issued in accordance with Ohio Rev. Code Chapter 3734.

105.   Since on or about August 6, 2010 and continuing until the present, Defendant Trabue Dublin has owned and/or operated the hazardous waste facility at the Neighboring Properties without a hazardous waste permit issued in accordance with Ohio Rev. Code Chapter 3734.

106.   The acts and omissions alleged in this Count constitute violations of Ohio Rev. Code § 3734.02(E), Ohio Rev. Code § 3734.02(F) and Ohio Rev. Code § 3734.11, for which Defendants, jointly and severally, are subject to injunctive relief pursuant to Ohio Rev. Code § 3734.10 and Ohio Rev. Code § 3734.13(C).

## COUNT FOUR
## FAILURE TO HAVE A CLOSURE PLAN

107.   Ohio Adm.Code 3734-55-11 requires that the owner or operator of a hazardous waste facility must close the facility in a manner that minimizes the need for further maintenance and controls, minimizes or eliminates, to the extent necessary to prevent threats to human health

and the environment, post-closure escapes of hazardous waste, hazardous constituents, leachate, contaminated runoff, or hazardous waste decomposition products to the ground or surface waters or to the atmosphere.

108.    Ohio Adm.Code 3734-55-12 provides that the owner or operator of a hazardous waste facility must have a written closure plan approved by the Director of Ohio EPA.

109.    From a date not yet known to Plaintiff, but since at least 1981 and continuing until the present, Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, have established and owned and/or operated, hazardous waste facilities at the Buckeye Terminix Site and Neighboring Properties without a written closure plan approved by the Director of Ohio EPA.

110.    Since on or about March 31, 2008 and continuing until the present, Defendant Donald W. Dick has owned and/or operated, the hazardous waste facility at the Buckeye Terminix Site without a written closure plan approved by the Director of Ohio EPA.

111.    Since on or about August 6, 2010 and continuing until the present, Defendant Trabue Dublin has owned and/or operated the hazardous waste facility at the Neighboring Properties without a hazardous waste permit issued in accordance with Ohio Rev. Code Chapter 3734.

112.    The acts and omissions of Defendants as described in this Count violate Ohio Adm.Code 3734-55-11, Ohio Adm.Code 3745-55-12 and Ohio Rev. Code § 3734.11, for which Defendants, jointly and severally, are subject to injunctive relief pursuant to Ohio Rev. Code § 3734.10 and Ohio Rev. Code § 3734.13(C).

## COUNT FIVE

### FAILURE TO REMOVE HAZARDOUS WASTE IN ACCORDANCE WITH AN APPROVED CLOSURE PLAN

113.    Ohio Adm.Code 3745-55-13(A) provides that within ninety (90) days of receiving the final volume of hazardous waste at a hazardous waste management unit or facility, the owner must treat, remove or dispose of on-site, all hazardous wastes in accordance with an approved closure plan.

114.    Ohio Adm.Code 3745-55-13(B) requires the owner or operator of a hazardous waste facility to complete closure activities in accordance with the approved closure plan within one hundred and eighty (180) days after receiving the final volume of hazardous waste.

115.    From a date not yet known to Plaintiff, but since at least 1981 and continuing until the present, Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, have not had a written closure plan approved by the Director of Ohio EPA for the Buckeye Terminix Site and Neighboring Properties' hazardous waste facilities and have not initiated nor completed closure activities as required by Ohio Adm.Code 3745-55-13.

116.    Since on or about March 31, 2008 and continuing until the present, Defendant Donald W. Dick has not had a written closure plan approved by the Director of Ohio EPA for the Buckeye Terminix Site hazardous waste facility and has not initiated nor completed closure activities as required by Ohio Adm.Code 3745-55-13.

117.    Since on or about August 6, 2010 and continuing until the present, Defendant Trabue Dublin has not had a written closure plan approved by the Director of Ohio EPA for the Neighboring Properties hazardous waste facility and has not initiated nor completed closure activities as required by Ohio Adm.Code 3745-55-13.

23

118.    The acts and omissions of Defendants as described in this count violate Ohio Adm.Code 3745-55-13 and Ohio Rev. Code § 3734.11, for which Defendants, jointly and severally, are subject to injunctive relief pursuant to Ohio Rev. Code § 3734.10 and Ohio Rev. Code § 3734.13(C).

## COUNT SIX

### UNPERMITTED DISCHARGES OF INDUSTRIAL WASTES AND/OR OTHER WASTES INTO WATERS OF THE STATE

119.    Ohio Rev. Code § 6111.04 prohibits any person from causing pollution or placing or causing to be placed any sewage, industrial waste, or other wastes in a location where they cause pollution of any waters of the state.

120.    As a result of Defendants BTX Enterprises, John G. Breen, Janice L. Breen, John E. Breen's industrial activities and/or failure to remediate pesticides unlawfully disposed in the soils at the Buckeye Terminix Site and at Neighboring Properties, pesticide wastes were and are being discharged into ground water at the Buckeye Terminix Site and Neighboring Properties.

121.    At all times relevant hereto, the Director of Ohio EPA issued no permit that authorized the discharge of industrial waste and/or other wastes into the soils and ground water at the Buckeye Terminix Site and Neighboring Properties.

122.    The unpermitted discharge of industrial waste and/or other wastes into ground water at the Buckeye Terminix Site and Neighboring Properties has caused and continues to cause "pollution," as defined by Ohio Rev. Code § 6111.01(A), of waters of the State.

123.    The acts and omissions alleged in this Count constitute violations of Ohio Rev. Code § 6111.04 and Ohio Rev. Code § 6111.07(A), for which Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen are subject to injunctive relief pursuant to Ohio

24

Rev. Code § 6111.07(B).

## COUNT SEVEN

### CAUSING OR CONTRIBUTING TO SOIL CONTAMINATION AND/OR WATER POLLUTION

124.    Ohio Rev. Code § 3734.20(B) provides that if the Director determines that conditions at a hazardous waste facility, solid waste facility, or other location where hazardous waste was treated, stored, or disposed of constitute a substantial threat to public health or safety or are causing or contributing to or threatening to cause or contribute to air or water pollution or soil contamination, the Director shall initiate appropriate action under Chapter 3704, Chapter 3734 or Chapter 6111 of the Ohio Revised Code or seek any other appropriate legal or equitable remedies to abate the pollution or contamination or to protect public health or safety.

125.    Ohio Rev. Code § 3734.20(B) further provides that if an order of the Director to abate air or water pollution or soil contamination or to remedy a threat to public health or safety caused by conditions at such a facility issued pursuant to this chapter or Chapter 3704 or 6111 of the Ohio Revised Code is not wholly complied with within the time prescribed in the order, the Director may, through officers or employees of the Ohio EPA or through contractors employed for that purpose in accordance with the bidding procedure established in Ohio Rev. Code § 3734.23(C), enter upon the facility and perform those measures necessary to abate or prevent air or water pollution or soil contamination from the facility or to protect public health or safety, including, but not limited to, measures prescribed in Ohio Rev. Code § 3734.23(B).  The Director shall keep an itemized record of the cost of the investigation and measures performed, including costs for labor, materials, and any contract services required.

126.    Ohio Rev. Code § 3745.12 provides that the Director of the Ohio EPA is

25

authorized to pay costs incurred by Ohio EPA in "investigating, mitigating, minimizing, removing or abating an unauthorized spill, release, or discharge of material into or upon the environment that requires emergency action to protect the public health or safety or the environment." Any person responsible for causing or allowing an unauthorized spill, release, or discharge is liable for the costs incurred by the Ohio EPA in response to such a spill, release or discharge regardless of whether those costs were paid out of the fund created under Ohio Rev. Code § 3745.12(A) or any other fund of the Agency.

127.    Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, did not comply with the June 1992 Director's Orders. As a result Ohio EPA has incurred costs necessary to abate water pollution and soil contamination at the Neighboring Properties.

128.    Plaintiff is entitled to an order from this Court, pursuant to Ohio Rev. Code § 3734.20 and Ohio Rev. Code § 3745.12, requiring Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen to comply with the June 1992 Director's Orders and reimburse Ohio EPA for costs incurred and to be incurred that are necessary to abate water pollution and soil contamination at the Neighboring Properties.

## COUNT EIGHT

### STATUTORY NUISANCE

129.    Ohio Rev. Code § 3767.13(B) provides that no person shall cause or allow offal, filth, or noisome substances to be collected or remain in any place to the damage or prejudice of others or of the public.

130.    The pesticide wastes and other wastes disposed at the Buckeye Terminix Site and Neighboring Properties have caused the pollution of soils and ground water at and in the vicinity

of the Buckeye Terminix Site and Neighboring Properties.

131.     The soil and ground water contamination at and in the vicinity of the Buckeye Terminix Site and Neighboring Properties has or is threatening to damage members of the public including neighboring property residents who may come into contact with the contaminated soil and ground water.

132.     The conduct of Defendants as described in this Complaint and the consequences thereof have constituted a statutory nuisance, as defined in Ohio Rev. Code § 3767.01 and Ohio Rev. Code § 3767.13, for which the Plaintiff is entitled to injunctive relief, pursuant to Ohio Rev. Code § 3767.02 through Ohio Rev. Code § 3767.06, from Defendants.

## COUNT NINE

### COMMON LAW NUISANCE

133.     The actions and/or inactions of Defendants have polluted the soil and ground water at or in the vicinity of the Buckeye Terminix Site and/or Neighboring Properties.

134.     The conduct of Defendants described above have caused an unreasonable interference with the health, wealth, welfare and property of the neighboring public and constitute a common law public nuisance for which the Defendants are subject to injunctive relief prohibiting the creation and continuance of said nuisance, and the Plaintiff is entitled to monetary damages.

## COUNT TEN

### ULTRAHAZARDOUS ACTIVITY

135.     Defendants have disposed of, caused and/or allowed the storage, treatment and/or disposal of hazardous substances and/or hazardous wastes, industrial wastes and other wastes at

27

or in the vicinity of the Buckeye Terminix Site and/or Neighboring Properties.

136. This non-natural accumulation of hazardous substances and/or hazardous wastes, industrial wastes and other wastes has escaped from the Buckeye Terminix Site and Neighboring Properties and has caused damage to soil and ground water at and near the Buckeye Terminix Site and Neighboring Properties, causing a threat to public health. Therefore, such activity constitutes a common law ultra-hazardous activity to the citizens of the State of Ohio.

137. By reason of the ultra-hazardous activity of Defendants, the citizens of the State of Ohio have suffered damage, and Defendants are liable for mandatory and prohibitory injunctive relief and for payment to the State of compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff State of Ohio respectfully requests that the Court award Plaintiff the following relief from Defendants:

A.. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendants, jointly and severally, are liable for all response costs associated with the facilities for which the Defendants are responsible not inconsistent with the National Contingency Plan incurred, and to be incurred, by the State to address the releases and threatened releases of hazardous substances at and migrating from the Buckeye Terminix Site and on Neighboring Properties.

B. Pursuant to 42 U.S.C. § 9607, order Defendants, jointly and severally, to reimburse the State for its response costs associated with the facilities for which the Defendants are responsible not inconsistent with the National Contingency Plan, which have been incurred by the State to address releases and threatened releases of hazardous substances at and migrating

28

from the Buckeye Terminix Site and on Neighboring Properties.

C.      Pursuant to 42 U.S.C. § 9607, order Defendants, jointly and severally, to reimburse the State for all additional response costs associated with the facilities for which the Defendants are responsible not inconsistent with the National Contingency Plan, which will be incurred by the State to address releases and threatened releases of hazardous substances at and migrating from the Buckeye Terminix Site and on Neighboring Properties.

D.      Pursuant to 42 U.S.C. § 9607, award Plaintiff interest on the response costs it has incurred.

E.      Pursuant to Ohio Rev. Code 3734.10, Ohio Rev. Code § 3734.13(C), Ohio Rev. Code § 3734.20, and Ohio Rev. Code § 6111.07(B), issue an injunction ordering Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen, to complete the work required by the June 1992 Director's Orders and to pay Ohio EPA all oversight and response costs invoiced, which have not been paid by these Defendants, and all future invoices.

F.      Issue an order, pursuant to Ohio Rev. Code § 3734.10 and Ohio Rev. Code § 3734.13(C), requiring Defendants BTX Enterprises, John G. Breen, Janice L. Breen, and John E. Breen to submit to Ohio EPA closure plans in accordance with Ohio Adm. Code 3745-55-10 through 3745-55-20 for the hazardous waste disposed at the Buckeye Terminix Site and Neighboring Properties by conducting the following:

    i.   Following review of any closure plan, if Ohio EPA determines that the closure plan is deficient and gives Defendants written notice of the deficiencies in the closure plan, order and enjoin Defendants to submit to Ohio EPA a revised closure plan correcting the noted deficiencies within thirty (30) days of receipt of the notice of deficiencies;

29

ii.   Following review of any revised plan, if Ohio EPA determines that the revised closure plan is deficient, Ohio EPA may modify the plan consistent with applicable rules and approve the revised plan as modified by Ohio EPA; and

iii.   Immediately upon receipt of notice of approval by Ohio EPA of Defendants' closure plans, either as originally submitted, as revised, or as revised and modified, order and enjoin Defendants to implement the approved closure plan in the manner and pursuant to time frames set forth in the approved closure plan and Ohio Adm. Code 3745-55-13.

G.      Issue an order, pursuant to  Ohio Rev. Code § 3734.10 and  Ohio Rev. Code § 3734.13(C), requiring Defendant Donald W. Dick to submit to Ohio EPA a closure plan in accordance with Ohio Adm. Code 3745-55-10 through 3745-55-20 for the hazardous waste disposed at the Buckeye Terminix Site by conducting the following:

i.   Following review of any closure plan, if Ohio EPA determines that the closure plan is deficient and gives Defendant written notice of the deficiencies in the closure plan, order and enjoin Defendant to submit to Ohio EPA a revised closure plan correcting the noted deficiencies within thirty (30) days of receipt of the notice of deficiencies;

ii.   Following review of any revised plan, if Ohio EPA determines that the revised closure plan is deficient, Ohio EPA may modify the plan consistent with applicable rules and approve the revised plan as modified by Ohio EPA; and

iii  Immediately upon receipt of notice of approval by Ohio EPA of Defendant's closure plan, either as originally submitted, as revised, or as revised and modified, order and enjoin Defendant to implement the approved closure plan in the manner and pursuant to time frames set forth in the approved closure plan and Ohio Adm. Code 3745-55-13.

H.      Issue an order, pursuant to  Ohio Rev. Code § 3734.10 and  Ohio Rev. Code § 3734.13(C), requiring Dublin Trabue to submit to Ohio EPA a closure plan in accordance with Ohio Adm. Code 3745-55-10 through 3745-55-20 for the hazardous waste disposed at the Neighboring Properties by conducting the following:

i.      Following review of any closure plan, if Ohio EPA determines that the closure plan is deficient and gives Defendants written notice of the deficiencies in the closure plan, order and enjoin Defendants to submit to Ohio EPA a revised closure plan correcting the noted deficiencies within thirty (30) days of receipt of the notice of deficiencies;

ii.      Following review of any revised plan, if Ohio EPA determines that the revised closure plan is deficient, Ohio EPA may modify the plan consistent with applicable rules and approve the revised plan as modified by Ohio EPA; and

iii.      Immediately upon receipt of notice of approval by Ohio EPA of Defendants' closure plan, either as originally submitted, as revised, or as revised and modified, order and enjoin Defendants to implement the approved closure plan in the manner and pursuant to time frames set forth in the approved closure plan and Ohio Adm. Code 3745-55-13.

I.      Pursuant to Ohio Rev. Code § 3734.20 and Ohio Rev. Code § 3745.12, order Defendant John G. Breen, Janice L. Breen, John E. Breen, and BTX Enterprises to reimburse Ohio EPA for costs incurred and to be incurred that are necessary to abate water pollution and soil contamination at the Buckeye Terminix Site and Neighboring Properties.

J.      Issue an order permanently enjoining Defendants from violating Ohio Rev. Code Chapter 3734 and Ohio Rev. Code Chapter 6111, the rules promulgated under those Chapters, and any Orders issued by the Director to the Defendants.

31

K.    Issue an order permanently enjoining Defendants and their agents, representatives, employees, successors, or assigns, under the names that they presently use or any other names they use through any corporate or other device, and those acting in concert and participation with Defendants directly or indirectly, from engaging in the acts or practices of which Plaintiff complains.

L.    Issue an injunction, pursuant to Ohio Rev. Code § 6111.07(B), Ohio Rev. Code § 3734.10, Ohio Rev. Code § 3734.13(C), Ohio Rev. Code § 3734.20, and Ohio Rev. Code §§ 3767.02 - 3767.06, to prohibit Defendants from placing hazardous wastes, industrial wastes and other wastes in places so as to cause contamination of soil, surface waters and ground water; and mandating that the responsible Defendants implement an Ohio EPA-approved investigation and remedial action for the Buckeye Terminix Site and/or the Neighboring Properties to remediate the soil, ground water and surface water contaminated by hazardous wastes, industrial wastes and other wastes consistent with applicable federal and state law.

M.    Issue an injunction pursuant to Ohio Rev. Code § 6111.07(B), Ohio Rev. Code § 3734.10, Ohio Rev. Code § 3734.13(C), Ohio Rev. Code § 3734.20, and Ohio Rev. Code §§ 3767.02 - 3767.06 requiring Defendants to establish financial assurance for any remedial action required by Paragraph L, above.

N.    Issue an injunction and award monetary damages against Defendants to the State for their creation of a nuisance and conducting ultra-hazardous activity.

O.    Order Defendants to pay the costs of this action, including reasonable attorneys' fees assessed by the Office of the Attorney General.

P.    Retain jurisdiction of this action for the purpose of making any Order or Decree

the Court may deem necessary at any time to enforce and administer Defendants' compliance with, and to carry out, this Court's judgment.

Q.     Grant any other relief this Court deems to be just, equitable and appropriate in this case.

Respectfully submitted,

**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL**

 /s/ Timothy J. Kern
**TIMOTHY J. KERN (0034629)**
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
(614) 466-5261
Timothy.Kern@OhioAttorneyGeneral.gov

*Trial Attorney for Plaintiff State of Ohio*