# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

STATE OF OHIO, *ex rel.*,
MICHAEL DeWINE,
OHIO ATTORNEY GENERAL,

    Plaintiff,

v.

JOHN G. BREEN, *et al.*,

    Defendants.

Case No. 2:16-cv-802
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Donald Dick's ("Dick") *Motion for Summary Judgment* (ECF No. 148) on Defendant Trabue Dublin, LLC's ("Trabue") Crossclaims (ECF No. 20). Trabue does not oppose Dick's motion. For the reasons stated below, the Court **GRANTS** Dick's *Motion for Summary Judgment*. (ECF No. 148).

### I.

On January 18, 2019, the Court granted Trabue summary judgment, thereby dismissing all the State's claims against Trabue. (ECF No. 148). Trabue's crossclaims against Dick are still pending. Trabue's crossclaims allege contribution actions under Ohio law and the Comprehensive Environmental Response Compensation Liability Act ("CERCLA"), 42 U.S.C. § 9613(f). Dick now moves the Court for summary judgment against those claims.

### II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party,

who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts."). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

### III.

Dick moves the Court to enter summary judgment, arguing that Trabue's crossclaims for contribution under section 113(f) are now moot. Section 113(f)(1) of CERCLA states:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. ... In

resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

42 U.S.C. § 9613(f)(1).

In *Cooper Industries, Incorporated v. Aviall Services, Incorporated*, the Supreme Court noted that section 113(f)(1) provides certain rights to contribution in certain circumstances, 543 U.S. 163 (2004). In *Atlantic Research*, the Supreme Court explained some of those circumstances, stating:

> [Section] 113(f)(1) permits suit before or after the establishment of common liability. In either case, a [potentially responsible party's] right to contribution under § 113(f) is contingent upon an inequitable distribution of common liability among liable parties.

*United States v. Atlantic Research Corp.*, 551 U.S. 128, 138–39 (2007). At summary judgment, the Court found that Trabue is not a potentially responsible party. *See* Opinion & Order at 28–29 (ECF No. 143). Without liability, Trabue lacks standing to sue for contribution under section 113(f).

## IV.

In conclusion, the Court **GRANTS** Dick's *Motion for Summary Judgment* (ECF No. 148) and thereby **DISMISSES** Trabue's *Crossclaims* against Dick, BTX Enterprises, Inc., John G. Breen, John E. Breen, and Janice Breen. (ECF No. 20). Because there are no pending claims related to Trabue, the Court **DISMISSES** Trabue from this lawsuit.

**IT IS SO ORDERED.**

2-27-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3