## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO**, *ex rel.* **DAVE YOST**: | : | **CASE NO. 2:16-cv-00802** |
| **OHIO ATTORNEY GENERAL** | : | |
| | : | **JUDGE EDMUND A. SARGUS, JR,** |
| **Plaintiff,** | : | |
| | : | **MAGISTRATE JUDGE** |
| **v.** | : | **KIMBERLY A. JOLSON** |
| | : | |
| **JOHN G. BREEN**, *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED CONSENT DECREE AND FINAL JUDGMENT BETWEEN PLAINTIFF STATE AND DEFENDANT SRDH, LLC

Plaintiff, State of Ohio, ("State"), filed the Complaint in this action against Defendants John G. Breen, Janice L. Breen, John E. Breen, BTX Enterprises, Inc., Trabue Dublin, LLC, and Donald W. Dick for reimbursement of response costs incurred and to be incurred by the State pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.* ("CERCLA") and for injunctive relief and damages pursuant to Ohio Rev. Code § 3734.13(C), Ohio Rev. Code § 6111.07(B), Ohio Rev. Code Chapter 3767, common law nuisance, and common law ultra-hazardous activity. The State and SRDH, LLC ("Defendant"), have consented to the entry of this Amended Consent Decree and Final Judgment between the Plaintiff State and SRDH, LLC ("Amended Consent Decree").

Now therefore, without trial of any issue of law or fact, without admission of any issues of law or fact, and upon consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has both personal jurisdiction over the State and Defendant for this action and subject matter jurisdiction of this case pursuant to CERCLA, 28 U.S.C. § 2201, 28 U.S.C. § 1367, and Ohio Rev. Code Chapters 3734, 6111, 3767, and the common law.  The Complaint states a claim upon which relief can be granted against Defendant under those statutes.  Venue is proper in this Court.

## II.    PERSONS BOUND

2.    The terms and provisions of this Amended Consent Decree shall apply to and be binding upon the State, the Defendant and the Defendant's agents, assigns, and any other person acting in concert and/or privity with any of them pursuant to Federal Rule of Civil Procedure 65(d).

3.    No transfer of the approximately 0.643-acre tract of real property located at 2121 Riverside Drive, Upper Arlington, in Franklin County, Ohio, Parcel Numbers 070-12900-00 and 070-12901-00, owned by Defendant shall in any way alter the Defendant's obligations under this Amended Consent Decree.

## III.    DEFINITIONS

4.    The following terms are defined as follows:

   a) **"CERCLA"** means the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. 9601 *et seq.*

   b) **"Defendant"** means SRDH, LLC.

   c) **"Effective Date"** means the date the Clerk of Court enters this Amended Consent Decree.

   d) **"Future Response Costs"** means all costs, not inconsistent with the National

2

Oil and Hazardous Substances Pollution Contingency Plan related to the Property that are incurred by Ohio EPA after the Effective Date, including, but not limited to, payroll costs, contractor costs, travel costs, direct costs, overhead costs, legal and enforcement related costs, oversight costs, laboratory costs, and the costs of reviewing or developing plans, reports, and verifying any environmental work reserved by this Amended Consent Decree.

e) **"Hazardous substances"** means any substances as defined in 42 U.S.C. § 9601(14).

f) **"Hazardous wastes"** means any wastes defined by Ohio Rev. Code § 3734.01(J) and Ohio Adm.Code 3745-51-03 and Ohio Adm.Code 3745-51-11 through Ohio Adm.Code 3745-51-33.

g) **"NCP"** means the National Oil and Hazardous Substances Pollution Contingency Plan, codified at 40 C.F.R. Part 300 (1990), as amended.

h) **"Ohio EPA"** means the Ohio Environmental Protection Agency and its designated representatives.

i) **"Paragraph"** means a portion of this Amended Consent Decree identified by an arabic numeral or an uppercase or lowercase letter.

j) **"Parties"** means the State and SRDH, LLC.

k) **"Property"** means an approximately 0.643-acre tract of real property located at 2121 Riverside Drive, Upper Arlington, in Franklin County, Ohio, currently, Parcel Numbers 070-12900-00 and 070-12901-00.

l) **"Section"** means a portion of this Amended Consent Decree identified by a Roman numeral.

m) **"State"** means the State of Ohio by and through its Attorney General on behalf of the Ohio Environmental Protection Agency.

n) **"Work"** means all activities the Defendant is required to perform under the Submittal and Implementation of an Operation and Maintenance Plan and Risk Mitigation Plan Section and the Additional Work Section of the Amended Consent Decree.

## IV. STATEMENT OF PURPOSE

3

5.     In entering into this Amended Consent Decree, the mutual objectives of the Parties include: (a); submittal, approval, and implementation of an Operation and Maintenance Plan for the Property, (b) submittal and approval of a Risk Mitigation Plan to be implemented for any construction and excavation activities including demolition or renovation of the current building and for each new building, (c) execution and recording of an environmental covenant entered into by Defendant and Ohio EPA to establish activity and use limitations for the Property; and (d) payment of Future Response Costs by the Defendant as required by this Amended Consent Decree.

## V.     SUBMITTAL AND IMPLEMENTATION OF AN OPERATION AND MAINTENANCE PLAN AND RISK MITIGATION PLAN

6.     Within thirty (30) days of the Effective Date, Defendant shall submit to Ohio EPA, for review and approval, an Operation and Maintenance ("O&M") Plan for the Property. The O&M Plan shall describe the operation and maintenance of all engineering controls, including but not limited to, the garage floor sealant, the crawl space ventilation system and the asphalt parking lot; inspection, monitoring and sampling tasks and schedules; and annual reporting. The O&M Plan shall include the following:

   a)  Purpose of the O&M Plan

   b)  Description and Purpose of the Engineering Controls and Associated Remedial Activities

   c)  Applicable Standards

   d)  Evaluating the Effectiveness of the Engineering Controls

   e)  Operation and Maintenance of the Engineering Controls

4

    f)  Adjustments to Normal Operation and Maintenance

    g)  Identifying and Addressing Potential Problems with the Engineering Controls

    h)  Periodic Monitoring

- Description of Monitoring/Inspection Tasks and Sampling (incl. indoor air sampling)
- Schedule of Monitoring/Inspection Tasks and Sampling Frequency

    j)  Record Keeping

    k)  Annual Reporting on Operation and Maintenance Plan Activities

    l)  Termination Criteria

    m)  References (if applicable)

    n)  List of Figures

- Property Boundary Map
- Engineering Controls Map (survey plat of engineering control areas prepared by a professional surveyor registered in Ohio)
- Engineering Control Figures and Schematics
- Additional Figures and Maps as Needed

    o)  List of Appendices

- Appendix A Annual Inspection Form(s)

    7.    Defendant shall implement the O&M Plan as approved by Ohio EPA. If the Property is transferred, any and all owner(s), as required by the recorded environmental covenant, shall be responsible for implementation of the O&M Plan.

    8.    Within thirty (30) days after Ohio EPA's written approval of the O&M Plan, Defendant shall submit to Ohio EPA, for review and approval, a Risk Mitigation Plan ("RMP")

for the Property. The RMP shall provide risk mitigation measures for construction and excavation activities at the Property and annual reporting. The RMP shall include the following:

    a) Purpose of the RMP

    b) Description of Risk Mitigation Measures, Activities Under the RMP for Implementation

    c) Potential Health Risks

    d) Precautions Against Exposures

    e) Action to Take if Significant Exposures Occur

    f) Handling and Sampling Contaminated Environmental Media

    g) Notice to Contractors and Workers on Required RMP Obligations

    h) Annual Reporting to Ohio EPA

    j) Termination Criteria

    k)   List of Appendices

        • Appendix A Annual Inspection Form(s)

9.    Defendant shall implement the RMP as approved by Ohio EPA. If the Property is transferred, any and all owner(s), as required by the recorded environmental covenant, shall be responsible for implementation of the RMP.

## VI. FINANCIAL ASSURANCE

10.    Within thirty (30) days of entry of this Amended Consent Decree, Defendant shall submit to Ohio EPA the amount of $10,000 to be held by Ohio EPA in an account as security for the cost of the Work associated with the O&M Plan. This account shall be in the name of the Property, not the Defendant. In the event Defendant fails to perform the obligations under the

Amended Consent Decree, in addition to any other remedies, Ohio EPA may perform the obligations and draw on the account for the costs associated with any such obligations.

11.     The Financial Assurance monies provided pursuant to this Section shall provide Ohio EPA with immediate access to resources, to continue and complete the O&M of engineering controls in the event Ohio EPA determines that Defendant:   (1) has ceased implementation of any portion of the O&M and monitoring Work, (2) is significantly or repeatedly deficient or late in its performance of the O&M and monitoring Work, or (3) is implementing the O&M and monitoring Work in a manner that causes a substantial threat to public health or safety or the environment. Upon making such determination, Ohio EPA may issue a written notice ("Performance Failure Notice") to Defendant of Defendant's failure to perform. The Performance Failure Notice will specify the grounds upon which such a notice was issued and will provide Defendant with a period of fourteen (14) days within which to remedy the circumstances giving rise to the issuance of such notice.  Failure by Defendant to remedy the relevant Performance Failure Notice to Ohio EPA's satisfaction before the expiration of the fourteen-day notice period specified in this paragraph shall trigger Ohio EPA's right to have immediate access to and benefit of the financial assurance monies provided pursuant to this Section for purposes of paying for the obligations required by the Amended Consent Decree.

## VII.   ENVIRONMENTAL COVENANT

12.     Within thirty (30) days of the Effective Date, Defendant shall file an environmental covenant for the Property with the Franklin County Recorder's Office.   The environmental covenant shall be recorded in the official records of the Franklin County Recorder pursuant to R.C. 5301.82.   The environmental covenant shall be consistent with the draft

7

environmental covenant attached to this Amended Consent Decree, shall be signed by Defendant, and shall be approved and signed by Ohio EPA.

13.     Within thirty (30) days of the recording the environmental covenant, Defendant shall submit to Ohio EPA a file and date-stamped copy of the recorded environmental covenant. Thereafter, if Defendant conveys any interest in the Property, each deed, title, or other instrument shall contain a reference to the recorded environmental covenant. The terms and conditions of the environmental covenant are incorporated into this Amended Consent Decree and shall be binding upon any and all owners, including Defendant.

## VIII.   NOTICE TO PROSPECTIVE PURCHASERS; NOTICE TO THE DIRECTOR OF TRANSFER OF PROPERTY

14.     Defendant shall provide a copy of both the Ohio EPA-approved RMP and Ohio EPA-approved O&M Plan to prospective purchasers before entering into an agreement for sale of the Property or any portion of the Property.

15.     Within ten (10) days after a transfer of the Property, or any portion of the Property, Defendant shall provide written notice to the Ohio EPA of the transfer. The written notice submitted to the Director shall include at a minimum:

a)   The name, address, and telephone number of the new owner, and the name, title, address, email address and telephone number of the contact person for the new owner.

b)   A legal description of the Property or Property portion transferred.

c)   The closing date of the transfer of ownership of the Property or Property portion.

## IX.    ACCESS

16.    Ohio EPA and its contractors shall have access at all reasonable times to the Property, and any other property to which access is required for the implementation of this Amended Consent Decree, to the extent access to the other property is controlled by Defendant. Access under this Amended Consent Decree shall be for the purposes of conducting any activity related to this Amended Consent Decree, including but not limited to the following:

        a) Monitoring the Work.

        b) Conducting sampling.

        c) Inspecting and copying records, operating logs, contracts, and other documents related to the implementation of this Amended Consent Decree.

        d) Conducting investigations and tests related to the implementation of this Amended Consent Decree.

        e) Verifying any data and/or other information submitted to Ohio EPA.

17.    Notwithstanding any provision of this Amended Consent Decree, the State of Ohio retains all of its access rights and authorities, including enforcement authorities related thereto, under any applicable statute or regulation including but not limited to Ohio Rev. Code §§ 3734.07, 3734.20 and 6111.05.

## X.    ADDITIONAL WORK

18.    Ohio EPA or Defendant may determine that in addition to the tasks defined in the approved O&M Plan and RMP, additional work ("Additional Work") may be necessary.

19.    Within thirty (30) days of receipt of written notice from Ohio EPA that Additional Work is necessary, unless otherwise specified in writing by Ohio EPA, Defendant shall submit a proposed modification or addendum to the O&M Plan ("O&M Plan Addendum"), which

9

contains (a) a work plan for the implementation of the Additional Work, (b) a schedule for the performance of the Additional Work, and (c) revisions to other schedules impacted by the Additional Work, if any. Upon approval of the O&M Plan Addendum by Ohio EPA, Defendant shall implement the approved O&M Plan Addendum in accordance with the schedules contained therein.

20.     If Defendant determines that Additional Work is necessary, Defendant shall submit a proposal to Ohio EPA to explain what the Additional Work is, why the additional Work is necessary, and what impact, if any, the Additional Work will have on the O&M Plan and schedule. If Ohio EPA concurs with the request to perform Additional Work, Defendant shall submit a O&M Plan Addendum, as described above, for the performance of Additional Work. Upon approval of the O&M Plan Addendum by Ohio EPA, Defendant shall implement the approved O&M Plan Addendum in accordance with the schedules contained therein.

## XI.     SAMPLING AND DATA AVAILABILITY

21.     Unless otherwise agreed to by the Site Coordinators, the Defendant shall notify Ohio EPA not less than seven (7) days in advance of all sample collection activity. Upon request, the Defendant shall allow split and/or duplicate samples to be taken by Ohio EPA or its designated contractor. Ohio EPA shall also have the right to take any additional samples it deems necessary. Upon request, Ohio EPA shall allow the Defendant to take split and/or duplicate samples of any samples Ohio EPA takes as part of its oversight of the Defendant's implementation of the Work.

22.     Within fourteen (14) days of the Defendant's receipt of a request for sampling, test information or data by Ohio EPA, the Defendant shall submit to Ohio EPA copies of the

results of all sampling and/or tests or other data, including raw data and original laboratory reports, generated by or on behalf of the Defendant with respect to the Property and/or the implementation of this Amended Consent Decree. An electronic copy shall also be provided in a format approved by Ohio EPA. The Defendant may submit to Ohio EPA any interpretive reports and written explanations concerning the raw data and original laboratory reports. Such interpretive reports and written explanations shall not be submitted in lieu of original laboratory reports and raw data. Should the Defendant subsequently discover an error in any report or raw data, the Defendant shall promptly notify Ohio EPA of such discovery and provide the correct information.

## XII.   DESIGNATED SITE COORDINATORS

23.     Ohio EPA has designated the following person as Site Coordinator for Ohio EPA:

Robin Roth, Site Coordinator
Ohio EPA
Division of Environmental Response and Revitalization
Central District Office
50 West Town Street, Suite 700
P.O. Box 1049
Columbus, Ohio 43216-1049

Email address: Robin.Roth@epa.ohio.gov

The Defendant has designated the following person as Site Coordinator for the Defendant:

SRDH, LLC
c/o Loretta Jean Mativi Dick
1237 Dublin Road
Columbus, Ohio 43215

If the Property is transferred, any and all owner(s), as required by the recorded environmental covenant, shall designate a Site Coordinator. In addition, if the designated Site Coordinator is

11

changed, the identity of the successor will be given to the other Party at least seven (7) days before the changes occur, unless impracticable, but in no event later than the actual day the change is made.

24.     To the maximum extent practicable, except as specifically provided in this Amended Consent Decree, communications between the Defendant, and any and all Property owner(s) and Ohio EPA concerning the implementation of the Work shall be made between the Site Coordinators.  The Defendant's Site Coordinator or the Site Coordinator of any and all owners of the Property, as required by the environmental covenant for the Property, shall be available for communications with Ohio EPA regarding the implementation of the Work, for the duration of this Amended Consent Decree.  The Defendant's Site Coordinator or the Site Coordinator of any and all owners of the Property, as required by the environmental covenant for the Property, shall be present on the Property or on call during all hours of Work at the Site.

25.     Without limitation of any authority conferred on Ohio EPA by statute or regulation, the Ohio EPA Site Coordinator's authority includes but is not limited to the following:

      a) Directing the type, quantity and location of samples to be collected by Defendant pursuant to an approved Work Plan.

      b) Collecting samples pursuant to any Work Plan and in compliance with the requirements of this Amended Consent Decree.

      c) Observing, taking photographs, or otherwise recording information related to the implementation of this Amended Consent Decree, including the use of any mechanical or photographic device.

      d) Directing that the Work stop whenever the Site Coordinator for Ohio EPA determines that the activities at the Property may create or exacerbate a threat to public health or safety, or threaten to cause or contribute to air or water pollution or soil contamination.

e) Conducting investigations and tests related to the implementation of this Amended Consent Decree.

f) Inspecting and copying records, operating logs, contracts and/or other documents related to the implementation of this Amended Consent Decree.

g) Assessing the Defendant's compliance with this Amended Consent Decree.

## XIII. SUBMITTAL OF DOCUMENTS

26.     All written correspondence and documents required to be submitted pursuant to this Amended Consent Decree to Ohio EPA shall be sent to the following Agency address:

> Robin Roth, Site Coordinator
> Ohio EPA
> Division of Environmental Response and Revitalization
> Central District Office
> 50 West Town Street, Suite 700
> P.O. Box 1049
> Columbus, Ohio 43216-1049
>
> Email address: Robin.Roth@epa.ohio.gov

All written correspondence to Defendant shall be directed to:

> SRDH, LLC
> c/o Loretta Jean Mativi Dick
> 1237 Dublin Road
> Columbus, Ohio 43215

Ohio EPA and Defendant may designate an alternative contact name or address, upon written notification to the other Party and in accordance with the Designated Site Coordinators Section of this Amended Consent Decree, if applicable.

## XIV. REVIEW OF SUBMITTALS

27.     Ohio EPA shall review any work plan, report, or other item required to be submitted pursuant to this Amended Consent Decree.  Ohio EPA may in its sole discretion (subject to the Dispute Resolution Section of this Amended Consent Decree): (a) approve the

13

submission in whole or in part; (b) approve the submission upon specified conditions; (c) modify the submission; (d) disapprove the submission in whole or in part, notifying Defendant of deficiencies; or (e) any combination of the above. The results of Ohio EPA's review shall be in writing and provided to the Defendant.

28.    In the event of approval, approval upon condition, or modification (subject to Dispute Resolution) of any submission by the Ohio EPA, the Defendant shall proceed to take any action required by the submission as approved, conditionally approved, or modified by Ohio EPA. In the event that revisions to submissions requested by Ohio EPA delay the schedules set forth in any submission, the schedules may be adjusted accordingly upon agreement between Ohio EPA and the Defendant.

29.    In the event that Ohio EPA initially disapproves a submission, in whole or in part, and notifies the Defendant in writing of the deficiencies identified by Ohio EPA, the Defendant shall within thirty (30) days, or such longer period of time as specified by Ohio EPA in writing, correct the deficiencies and submit the revised submission to Ohio EPA for approval. The revised submission shall incorporate all of the changes, additions, and/or deletions specified by Ohio EPA in its notice of disapproval. Revised submissions shall be accompanied by a letter indicating how and where each of Ohio EPA's comments was incorporated into the submission. Any other changes made to the submission by the Defendant shall also be identified in the letter. To the extent that the Defendant disputes any changes, additions, and/or deletions specified by Ohio EPA, the Defendant shall initiate the procedures for dispute resolution set forth in the Dispute Resolution Section of this Amended Consent Decree, within fourteen (14) days after receipt of Ohio EPA's disapproval of a submission. Notwithstanding the disapproval, the

14

Defendant shall proceed to take any action required by a non-deficient portion of the submission.

30.     In the event that Ohio EPA disapproves a revised submission, in whole or in part, and notifies the Defendant in writing of the deficiencies identified by Ohio EPA, the Defendant shall within thirty (30) days, or such longer period of time as specified by Ohio EPA in writing, correct the deficiencies and incorporate all changes, additions, and/or deletions, and submit the revised submission to Ohio EPA for approval. If the Defendant fails to submit a revised submission incorporating all changes, additions, and/or deletions within thirty (30) days, or such period of time as specified by Ohio EPA in writing, Plaintiff may assert to the Court that the Defendant should be found in breach and/or violation of this Amended Consent Decree. If the Court determines that the Defendant is in breach and/or violation of this Amended Consent Decree, the State retains the right to seek termination of this Amended Consent Decree, perform any additional investigation and seek Response Costs and/or enforce the terms of this Amended Consent Decree as provided in the Reservation of Rights Section of this Amended Consent Decree.

31.     All work plans, reports, or other items required to be submitted to Ohio EPA under this Amended Consent Decree shall, upon approval by Ohio EPA, be deemed to be incorporated in and made an enforceable part of this Amended Consent Decree. In the event that Ohio EPA approves a portion of a work plan, report, or other item, the approved portion shall be deemed to be incorporated in and made an enforceable part of this Amended Consent Decree. Should Ohio EPA take more than thirty (30) days to review and approve any submission, and that period of time beyond thirty (30) days causes Defendant to violate any schedule for Work to be completed, that delay in performance of Work shall not be considered a violation of this

15

Amended Consent Decree.

## XV.   DISPUTE RESOLUTION

32.    The Site Coordinators shall, whenever possible, operate by consensus.   In the event that there is a dispute about the adequacy of any work plan, report, or other item required to be submitted pursuant to the Additional Work and Review of Submittals Sections of this Amended Consent Decree, the Defendant's Site Coordinator shall have fourteen (14) days from the date the dispute arises to inform Ohio EPA of the dispute in writing.   Ohio EPA and the Defendant shall have fourteen (14) days for informal negotiations with respect to the dispute. This informal dispute resolution period may be extended by agreement of Ohio EPA for up to a maximum of thirty (30) additional days.   At the end of the informal dispute resolution period, the Defendant will have fourteen (14) days to institute the formal dispute resolution procedures of this Section by notifying Ohio EPA's Site Coordinator in writing.

33.    The Defendant's written notification instituting the formal dispute resolution procedure shall include the technical rationale supporting the Defendant's position.   If the Defendant's written notice and technical rationale in support of the position are not received within fourteen (14) days from the end of the informal dispute resolution period, the formal dispute resolution procedures may not be invoked for the disputed issue(s), and the dispute will be considered resolved.   Ohio EPA shall have thirty (30) days from the date the Defendant's formal written dispute position is received to respond to Defendant in writing.   Ohio EPA's written response shall include the technical rationale supporting Ohio EPA's position.   Following the exchange of written positions, the Site Coordinators shall have an additional fourteen (14) days to resolve the formal dispute.   If Ohio EPA concurs with the position of the Defendant or an

16

alternate resolution is reached, then the work plan, report, or other items required to be submitted pursuant to this Amended Consent Decree shall be modified accordingly.

34.    If Ohio EPA does not concur with the Defendant, Ohio EPA's Site Coordinator shall notify the Defendant in writing.  Upon receipt of such written notice, the Defendant shall have fourteen (14) days to forward a written statement of the dispute to the Division of Environmental Response and Revitalization ("DERR") Manager and request a review of the decision regarding the dispute.  If the Defendant does not forward such a statement and request within fourteen (14) days, Ohio EPA will adopt the written position of its Site Coordinator and the work plan, report, or other item required to be submitted pursuant to this Amended Consent Decree, or any other item subject to the dispute resolution procedures of this Section, shall be modified accordingly.  If the Defendant forwards such a statement and request within fourteen (14) days, the DERR Manager will resolve the dispute based upon and consistent with this Amended Consent Decree, O&M Plan, RMP, approved work plan, and other applicable federal and State laws and regulations.

35.    In the event the Defendant disputes the decision of the DERR Manager, the Parties will seek a settlement conference with the Court to reach a final decision.

36.    The pendency of a dispute under this Section shall extend only the time period for completion of the tasks related to the matters in dispute, except that upon mutual agreement of Ohio EPA and the Defendant, any time period may be extended as is deemed appropriate under the circumstances.  Elements of the Work not affected by the dispute shall be completed in accordance with applicable schedules and time frames.  The opportunity to invoke dispute resolution under the Dispute Resolution Section shall not be available to Defendant unless

otherwise expressly provided in this Amended Consent Decree.

## XVI. PAYMENT OF FUTURE RESPONSE COSTS

37.     Defendant shall remit to Ohio EPA Future Response Costs incurred by Ohio EPA
in connection with the Property after the Effective Date. Ohio EPA will submit to Defendant an
itemized invoice of its Future Response Costs in connection with the Property. Within sixty (60)
days of receipt of such itemized invoice, the Defendant shall remit payment by certified check
payable to "Treasurer, State of Ohio" at the address listed on the invoice.

## XVII. ACCESS TO INFORMATION

38.     Upon request, the Defendant shall provide to Ohio EPA within thirty (30) days,
copies of all documents and information within its possession or control, or that of its contractors
or agents, relating to the implementation of this Amended Consent Decree, including but not
limited to, unless asserted as confidential and/or privileged pursuant to Paragraphs 38 and 39
manifests, reports, correspondence, or other documents or information. This provision shall not
be a limitation on any request for information to the Defendant by Ohio EPA made under State
or federal law for information relating to events or conditions at the Property.

39.     The Defendant may assert a claim that documents or other information submitted
to Ohio EPA pursuant to this Amended Consent Decree are confidential under the provisions of
Ohio Adm. Code 3745-49-03 or 3745-50-30(A), or Ohio Rev. Code § 6111.05(A). If no such
claim of confidentiality accompanies the documents or other information when it is submitted to
Ohio EPA, it may be made available to the public without notice to the Defendant.

40.     The Defendant may assert that certain documents or other information are
privileged under the attorney-client privilege or any other privilege recognized by State law. If

18

the Defendant makes such an assertion, it shall provide Ohio EPA with the following: (a) the title of the document or information; (b) the date of the document or information; (c) the name and title of the author of the document or information; (d) the name and title of each addressee and recipient; (e) a general description of the contents of the document or information; and (f) the privilege being asserted by the Defendant.

41.     No claim of confidentiality shall be made with respect to any data or reports required to be submitted to Ohio EPA pursuant to this Amended Consent Decree, including but not limited to laboratory reports, and all sampling, analytical, and monitoring data.

42.     The Defendant shall preserve for the duration of this Amended Consent Decree and for a minimum of seven (7) years after termination of this Amended Consent Decree, all documents and other information within its possession or control, or within the possession or control of its contractors or agents, which in any way relate to the Work notwithstanding any document retention policy to the contrary.  The Defendant may preserve such documents by electronic or photographic devices.  At the conclusion of this document retention period, the Defendant shall notify Ohio EPA at least sixty (60) days prior to the destruction of these documents or other information; and upon request, shall deliver such documents and other information to Ohio EPA.

43.     To the extent not prohibited by statute or regulation, upon request by the Defendant, Ohio EPA shall reasonably provide the Defendant access to public documents related to the Property or to the Work to be performed under this Amended Consent Decree, including but not limited to any data or other information submitted to Ohio EPA by persons other than the Defendant.

## XVIII.  SATISFACTION OF LAWSUIT; NO ADMISSION

44.     Except as provided in this Section and the Reservation of Rights Section, compliance with the terms of this Amended Consent Decree shall constitute full satisfaction of any civil liability of Defendant to the State for all claims alleged in the Complaint.  Nothing in this Section shall apply to new conditions at or new information about the Property, or to any violations arising out of acts or omissions first occurring after the Effective Date.  This Amended Consent Decree is not to be interpreted as an admission on the part of Defendant of any liability or wrongdoing.

## XIX.     RESERVATION OF RIGHTS

45.     This Amended Consent Decree shall not be construed to limit the authority of the State to seek relief for claims or conditions not alleged in the Complaint or for claims or conditions alleged in the Complaint that occur after the Effective Date.

46.     Nothing in this Amended Consent Decree shall be construed to limit the authority of the State to undertake any action against any entity, including Defendant, to eliminate or mitigate conditions that may present an imminent threat to the public health, welfare or environment and to seek cost reimbursement for any such action.  Nothing in this Amended Consent Decree or its implementation shall be construed to limit the authority of the State to seek relief for claims for damages to natural resources.

47.     Nothing in this Amended Consent Decree shall relieve Defendant of any obligation to comply with Ohio Rev. Code Chapters 3734 and 6111 including, without limitation, any regulation, license or order issued under these Chapters, and any other applicable

federal, state or local statutes, regulations, or ordinances, including but not limited to permit requirements.

48. The State reserves the right to seek legal and/or equitable relief to enforce the requirements of this Amended Consent Decree, including penalties against Defendant for noncompliance with this Amended Consent Decree.

49. By entering into this Amended Consent Decree, Defendant does not waive any defenses that he may legally raise in any future action identified in this Section, nor does Defendant waive any claims or defenses against any others not a party to this action. However, Defendant shall not assert, and may not maintain any defense or claim based upon statute of limitations or the principles of waiver, laches, res judicata, collateral estoppel, claim preclusion, issue preclusion, claim splitting or other defense basis upon the contention that the claims brought by the State in a subsequent action were or should have been brought in the instant action.

## XX.    OTHER CLAIMS

50. Nothing in this Amended Consent Decree shall constitute or be construed as a release from any claim, cause of action, or demand in law or equity against any person, firm, partnership, or corporation not a Party to this Amended Consent Decree, including but not limited to Defendants John G. Breen, Janice L. Breen, John E. Breen, BTX Enterprises, Inc., and Trabue Dublin, LLC, for any liability arising from, or related to, events or conditions at the Property or events or conditions at the Scioto Pointe Property, Franklin County Parcel Numbers 580-237055-00, 580-237056-00, 580-237057-00, 580-237058-00, and 580-237059-00.

## XXI.   CONTRIBUTION PROTECTION

51.     With respect to matters addressed in this Amended Consent Decree, the Parties agree that the Defendant is entitled to contribution protection as of the Effective Date as to any persons who are not Parties to this Amended Consent Decree as is provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), so long as the Defendant complies with this Amended Consent Decree. The "matters addressed" in this Amended Consent Decree are the implementation of the O&M Plan and RMP, as necessary, and Additional Work, as required by this Amended Consent Decree, and the payment of Future Response Costs, as required by this Amended Consent Decree.

## XXII.   MODIFICATIONS

52.     This Amended Consent Decree may be modified by agreement of the Parties. Modifications shall be in writing, signed by counsel for each Party and memorialized in an order executed and entered by the Court.  Any such modifications shall be effective on the date the Court enters its order approving such modifications.

## XXIII. RETENTION OF JURISDICTION

53.     This Court shall retain jurisdiction of this matter for the purpose of overseeing compliance with and resolving disputes arising under this Amended Consent Decree.

## XXIV. ENTRY OF AMENDED CONSENT DECREE BY CLERK

54.     Upon signing of this Amended Consent Decree by the Court, the clerk is directed to enter it upon the journal and the Parties will be served electronically.  Within three (3) days of entering the judgment upon the journal, the clerk is directed to serve upon all Parties notice of the judgment and its Effective Date upon the journal, in the manner

prescribed by Rule 5(b) of the Federal Rules of Civil Procedure and note the service in the

appearance docket.

### XXV. AUTHORITY TO ENTER INTO THE AMENDED CONSENT DECREE

55.     The signature for Defendant represents and warrants that he is duly authorized

to sign this document and so bind Defendant to all terms and conditions thereof.

**IT IS SO ORDERED AND AGREED.**

s/Edmund A. Sargus, Jr. 7/26/2021

**JUDGE EDMUND A. SARGUS, JR.**
**United States District Court**
**Southern District of Ohio**

**APPROVED:**

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

**Karrie P. Kunkel (0089755)**
**Janean R. Weber (0083960)**
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
(614) 466-2766
Karrie.Kunkel@OhioAGO.gov
Janean.Weber@OhioAGO.gov

*Counsel for State of Ohio*

[Environmental Covenant attached]

**James M. Schottenstein (0016639)**
*Schottenstein* Legal Services Co., LPA
492 S. High Street, Suite 200
Columbus, Ohio 43215-5685
(614) 464-1880
jim@schottensteinlaw.com

*Counsel for SRDH, LLC*

**Loretta Jean Mativi Dick, Manager SRDH,**
**LLC**

Signature: Loretta Jean Mativi Dick, Manager

Print Name: Loretta Jean Mativi Dick

23