UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STATE OF OHIO,

        Plaintiff,

    v.

JOHN G. BREEN, *et al.*,

        Defendants

Case No. 2:16-cv-802
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff, the State of Ohio's, Motion for Default Judgment against Defendant BTX Enterprises, Inc. ("BTX"). (ECF No. 220.) Defendant John E. Breen filed a response opposing that Motion (ECF No. 221), and the State replied (ECF No. 222). Mr. Breen also moved for leave to file a sur-reply in response to the State's reply. (ECF No. 223.)

For the reasons below, Mr. Breen's Motion for leave to file a sur-reply is **DENIED** and the State's Motion for Default Judgment is also **DENIED**.

## MOTION FOR LEAVE TO FILE SUR-REPLY

Without addressing the merits of the Motion for leave to file a sur-reply, the Court finds the Motion was improperly filed. Mr. Breen filed both the response in opposition to the Motion for Default Judgment (ECF No. 221), and the Motion for leave to file a sur-reply (ECF No. 223). Mr. Breen has not entered a Notice of Appearance for BTX, but now as a co-defendant seeks to litigate on BTX's behalf. According to the Court's docket, Mr. Breen is the attorney of record for himself, his father (John G. Breen) and his mother (Janice Breen). BTX does not have an attorney of record.

1

Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, motion, or other paper be signed by at least one attorney of record in the attorney's name—or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a). Further, a corporation, partnership, or limited liability company cannot appear in court except through an attorney. *Basaran v. Martin Data, LLC*, No. 2:21-cv-4230, 2021 U.S. Dist. LEXIS 256146, at *2 (S.D. Ohio Oct. 1, 2021) (quoting *White v. Smith*, No. 2:09-cv-00574, 2010 WL 795967, at *1 (S.D. Ohio Mar. 2, 2010)). Thus, unless a pleading or motion is signed by the company's attorney, it is treated as unsigned for Rule 11(a) purposes. *Id.*

Mr. Breen is not BTX's attorney of record; BTX is unrepresented. Consequently, neither Mr. Breen's response in opposition nor the Motion for leave to file a sur-reply satisfied the signature requirement of Rule 11(a). Nor does the Court find that Mr. Breen would adequately protect BTX's interests seeing as Mr. Breen is a co-defendant previously found liable by this Court. *See Traverse Bay Area Intermediate Sch. Dist. v. Hitco, Inc.*, 762 F. Supp. 1298, 1302 n.4 (W.D. Mich. 1991) (noting although the defendant has not appeared, and will presumably not appear, the court believed that its interest in denying and disproving liability would be adequately protected by its co-defendant). Accordingly, the Court will not consider either the response in opposition or the Motion for leave to file a sur-reply purportedly filed by Mr. Breen on BTX's behalf. (ECF Nos. 221, 223.) The Motion for leave to file a sur-reply is **DENIED**. (ECF No. 223.) The Court turns now to the State of Ohio's Motion for Default Judgment.

## MOTION FOR DEFAULT JUDGMENT

The State of Ohio seeks to collect from BTX a judgment rendered by this Court against BTX's co-defendants John G. Breen, John E. Breen, and Janice Breen. The Breens (John G., John E., and Janice Breen) owned and managed Buckeye Terminix Company, Inc. until 2002,

when they sold the company and the changed company's name to BTX Enterprises.[1] In 2007, the Ohio Secretary of State cancelled the articles of incorporation and certificate of authority of BTX. (ECF No. 222, PageID 4001–02.) For over thirty years, the State of Ohio has sought to remedy and collect reimbursement for its costs in cleaning up environmental contamination at the Buckeye business site. (ECF No. 203, PageID 3738, 40–41.)

After filing a complaint against BTX and several other co-defendants in 2016 (Compl., ECF No. 1), the State moved for an entry of default against BTX under Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 87.) The Clerk entered default against BTX on July 18, 2018 due to its failure to plead or otherwise defend the case. (ECF No. 102.) The State then moved for default judgment against BTX pursuant to Rule 55(b)(2). (ECF No. 114.) But the Court denied the State's motion without prejudice to renew at the proper time. (ECF No. 130.) The Court denied the application for default to avoid inconsistent judgments since the issue of each co-defendant's liability had not been resolved. (*Id.*)

In 2019, this Court issued its Opinion and Order on the parties' cross-motions for summary judgment. (ECF No. 143.) The Court expressly held that Buckeye[2] could not be held liable for the State's response costs because courts within the Sixth Circuit refuse to hold defunct corporations liable for response costs under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). (*Id.* at PageID 3265.) The Court explained that

---

[1] The Court summarizes only the relevant facts below. For a more complete factual background, the Court directs the reader to its Opinion and Order following the March 2019 bench trial (ECF No. 203) and the Opinion and Order on summary judgment (ECF No. 143).
[2] The Court referred to Buckeye and BTX interchangeably, and thus by extension, the Court's holding that Buckeye could not be held liable for the response costs extends to BTX. (*See* ECF No. 143, PageID 3265, noting the name change from "Buckeye" and "BTX" was a change in name only.) Although this point alone is dispositive of the issue, the Court explains further why it cannot hold BTX as a dissolved successor corporation liable under CERCLA.

3

"when a corporation has no standing to sue or defend a lawsuit, and any possible judgment against the defunct corporation would be uncollectible, CERCLA does not impose liability." (*Id.*) Accordingly, Buckeye (and thus by extension, BTX) was not liable because it cannot prosecute or defend lawsuits after the State cancelled its articles of incorporation. (*Id.*)

The Court, however, granted the State partial summary judgment as to Janice and John G. Breen on Count One; and against John G. Breen and John E. Breen on Count Two, finding them individually liable for violating Ohio law. (*Id.* at PageID 3277.) Likewise, following a bench trial, the Court found the Breens liable for the State's response costs and for injunctive relief (removing certain contaminated portions of the site). (ECF No. 203.) The Court's judgment was affirmed by Sixth Circuit. (ECF No. 216.)

The State has now renewed its Motion for Default Judgment against BTX seeking "the same relief of BTX that it requested of the Breen Defendants at the March 11, 2019 trial." (ECF No. 220, PageID 3986.) Specifically, the State seeks reimbursement for the response costs under CERCLA in the amount of $407,919.86 and an order of remediation. (*Id.*)

But as this Court previously explained, Buckeye, and thus BTX cannot be held liable under CERCLA. (ECF No. 143, PageID 3265 ("Sister courts around the Sixth Circuit have consistently refused to hold defunct corporations liable for response costs under CERCLA").) Citing *United States v. Distler*, this Court explained that there is no precedent to support imposing liability on a dissolved corporation years after it had wound up its business and distributed its assets. 741 F. Supp. 643, 644 (W.D. Ky. 1990). The court distinguished its ability to hold liable corporations that are "dead and buried"—like the defendant, Angex Corporation— from corporations still in the process of winding up their business. *Id.* at 646 (noting that Angex changed its name and dissolved nine years before the government filed suit).

4

Likewise in *Traverse Bay Area Intermediate School Dist. v. Hitco, Inc.*, the court held that although an existing corporation is a "person" who can be liable under CERCLA, a non-existent corporation is not a person and thus cannot be liable. 762 F. Supp. 1298, 1301–02 (W.D. Mich. 1991). When a corporation has no standing to sue or defend a lawsuit, and any judgment against the defunct corporation would be uncollectible, CERCLA does not impose liability. *Id.*

The State's Motion for Default Judgment raises several arguments, but none change the Court's conclusion from its earlier Opinion and Order. (ECF No. 143, PageID 3265.) BTX is a dissolved corporation, its articles of incorporation were canceled in 2007, nine years before the State brought this action. (*Id.*) Its assets were sold off in 2002 when Buckeye changed its name. (*Id.*) The State has offered no evidence to the contrary to suggest that BTX still has assets or is in the process of winding up its affairs. Rather the State's arguments read almost as a motion for reconsideration of the Court's earlier Opinion and Order.

The State argues that the name change from Buckeye to BTX has no bearing on liability. (ECF No. 222, PageID 4003, "the name change did not erase the underlying liability".) The State asserts that BTX was subject to Orders issued by the Director of the Ohio Environmental Protection Agency in 1992 which found that Buckeye violated Ohio law by dumping waste and causing environmental contamination. (*Id.* at PageID 3265.) Thus, the State contends it is entitled to seek remedial relief against BTX under Ohio law. (*Id.*, citing Ohio Rev. Code § 1701.88(B)(2)). But the Court already analyzed the Ohio EPA's Orders and held that "[a]lthough Buckeye released hazardous substances at the facility, the Court cannot hold Buckeye liable." (ECF No. 143, PageID 3265.) Thus, the Court agrees that the name change from Buckeye from BTX has no bearing on liability and the State cannot now seek a judgment

5

against BTX to avoid the Court's earlier holding that "Buckeye" could not be held liable under CERCLA. (ECF No. 143, PageID 3265, referring to "Buckeye" and "BTX" interchangeably.)

To obtain a default judgment, a plaintiff must be able to state a claim for relief as to the causes of action for which the plaintiff seeks default. *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 U.S. Dist. LEXIS 88508, at *10–13 (N.D. Ohio May 10, 2021) (quotation and other citations omitted); *Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted) (Cole, J.). Normally this standard is not onerous once a default is entered, and the defendant admits all factual allegations in the complaint. *Juana's Packing Co. v. Fed. Bakers USA*, No. 1:09-cv-301, 2010 U.S. Dist. LEXIS 4677 (W.D. Mich. Jan. 21, 2010) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). But such admissions do not automatically entitle a plaintiff to default judgment, the plaintiff must still state a claim for relief as to the causes of action for which the plaintiff seek default judgment.

Here, the Court cannot hold BTX liable for the response costs under CERCLA. Thus, the State has failed to state a claim for relief against BTX and the Motion for Default Judgment must be **DENIED**.

## CONCLUSION

For the reasons above, the State of Ohio's Motion for Default Judgment against BTX Enterprises (ECF No. 220) is **DENIED**. The Motion for leave to file sur-reply (ECF No. 223) is also **DENIED**. This case remains closed.

**IT IS SO ORDERED.**

5/24/2024  s/Edmund A. Sargus, Jr.
DATE  EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE